

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable J. Stanley Wright, Member
Texas Board of Chiropractic Examiners
Littlefield Building
Austin, Texas

Dear Sir:

Opinion No. 0-5967
Re: Payment of per diem and
mileage of members of the
Board of Chiropractic Ex-
aminers

Your opinion request of April 14, 1944, reads as
follows:

"The Comptroller's Department has advised
our office that it cannot pay per diem and the
traveling expenses provided for in the Chiro-
practic Bill to the Board Members for their time
and expenses in attending certain Chiropractic
meetings.

"To give you complete explanation, you are
advised that for many years the Chiropractic pro-
fession has been divided into six geographical
districts throughout the State and that each of
these districts held periodical meetings at which
matters of professional interest are discussed.
The Board has been extremely busy in working out
its policies, rules, regulations and Code of Ethics
and has given several examinations and has licensed
over one thousand Chiropractors in the past six
months. Up until recently, the Board has had no
time to work out measures of enforcement as pro-
vided in the Act, nor had it time to find and em-
ploy a suitable Supervisor of Chiropractic as
provided in Section 1 (j) of the Act. As the
Board contemplated it would take several months
for a Supervisor to cover the entire state chec -
ing the Chiropractors, the Board took upon itself

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

to attend the various districts meetings and
to advise the profession what the Board would
expect. The Board deemed it not only within
its authority to do this work which it consid-
ered supervisory work but believed it to be the
Board's duty to give the profession an opportun-
ity to know what would be required of it. The
Board felt it could answer questions concerning
Chiropractic at these meetings better than it
could by letter or other means of communication.

"With the above in mind, several members of
the Board have attended these district meetings
during the past thirty days and have asked for
their per diem and traveling expenses as provided
for in Section 2 of the Act.

"Question: Are the Board Members entitled
to pay for time and traveling expenses in the
performance of the work above described?"

As we stated in our Opinion No. O-5781, the appro-
priation for the Board of Chiropractic Examiners is contained
in Section 2 of Article 4512a, V. A. C. S., rather than in the
regular appropriation bills. With respect to the purposes for
which such appropriation may be used, this Section provides:

". . . The Treasurer shall keep the same
in a separate fund to be used in paying the neces-
sary expenses of the Board, which may include ex-
penses incurred for the advancement and education
of all licensees under this Act and enforcement by
the Board of the provisions of this Act, the salary
of the Executive Secretary, and a per diem of Ten
Dollars ($10) to each member of the Board for such
time as is actually spent in the discharge of of-
ficial duties, plus traveling expenses of Ten Cents
(10¢) per mile . . ."

Under the Chiropractic Act the Board is entrusted
with the duty of carrying out the provisions of the Act, and,
in Section 1(g) thereof, is given the power to prescribe rules,
regulations and bylaws for this purpose. As we understand the
facts stated in your letter, the members of the Board have at-
tended several local meetings of chiropractors for the purpose

of acquainting the members of your profession with their duties, powers and privileges under the Act.

Since your appropriation is not contained in the departmental appropriation bill, the general rider which prohibits the payment of expenses incurred at a "convention" is inapplicable to your situation, and your question must be answered by considering whether or not the attendance of the members of the Board at these meetings was in the discharge of their official duties. Among other things, the Board is charged with the duties of examining and licensing chiropractors, approving and classifying their educational institutions, revoking licenses for violations of the Act, and initiating criminal prosecutions under such Act. Implicit throughout this legislation is a recognition that the Board is charged with the duties of ascertaining whether the members of the profession are conforming to the terms of the Act and of seeing that the members do so conform. Members of the Board can claim per diem pay and mileage for attendance at the meetings in question only if such attendance bears a reasonable, substantial and direct relation to the discharge of these duties. We feel that this requirement has been met. For the Act t operate in a proper fashion, it is necessary that the members of the profession be acquainted both with the specific terms of the Act and with the policies, rules and regulations which the Board has adopted under such Act. The dissemination of such information would seem to fall well within the duties of the Board. In view of the newness of the Chiropractic Act, the large number of practitioners who must be acquainted with its provisions and with the rules and regulations of the Board, and the manifest advantages of imparting such information and discussing it at meetings of members of the profession, we feel that the attendance of members of the Board at such meetings for the purposes stated in your letter is a reasonable method of discharging a portion of the duties of the Board and that such method contributes substantially and directly to the discharge of such duties. Your question is therefore answered in the affirmative.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (s) R. Dean Moorhead
Assistant